Docket No. 84261–Agenda 5–September 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DERRICK KING, Appellant.

Opinion filed August 10, 2000.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Derrick King, initiated this action for post-conviction relief in the circuit court of Cook County. The circuit court denied the defendant’s amended petition without an evidentiary hearing. Because the defendant received the death penalty for his underlying murder conviction, the present appeal lies directly to this court. 134 Ill. 2d R. 651(a).

In 1981 the defendant was convicted of murder and armed robbery and was sentenced to death for the murder conviction. The offenses occurred when the defendant shot and killed the cashier at a small store in Chicago during a robbery. On direct appeal, this court affirmed the defendant’s convictions and death sentence. 
People v. King
, 109 Ill. 2d 514 (1986). The United States Supreme Court denied the defendant’s petition for a writ of 
certiorari. King v. Illinois
, 479 U.S. 872, 93 L. Ed. 2d 173, 107 S. Ct. 449 (1986). The defendant then filed, 
pro se
, a petition for post-conviction relief in the circuit court of Cook County. Counsel was appointed to represent the defendant in the proceedings. After a period of delay, the defendant received the appointment of new counsel, who later filed an amended post-conviction petition. Another period of delay ensued, and a different lawyer was then appointed to represent the defendant in the present proceedings. The circuit court later granted the State’s motion for dismissal of the defendant’s amended post-conviction petition. The defendant brings this appeal from the order of the circuit court dismissing the amended petition. 134 Ill. 2d R. 651(a).

The Post-Conviction Hearing Act (725 ILCS 5/122–1 through 122–7 (West 1996)) provides a means by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. 
People v. Tenner
, 175 Ill. 2d 372, 377 (1997). An action seeking post-conviction relief is a collateral proceeding, not an appeal from the underlying judgment. 
People v. Evans
, 186 Ill. 2d 83, 89 (1999); 
People v. Mahaffey
, 165 Ill. 2d 445, 452 (1995). To be entitled to post-conviction relief, a defendant must establish a substantial deprivation of federal or state constitutional rights in the proceedings that resulted in the conviction or sentence being challenged. 
People v. Morgan
, 187 Ill. 2d 500, 528 (1999). Considerations of 
res judicata 
and waiver limit the scope of post-conviction review “to constitutional matters which have not been, and could not have been, previously adjudicated.” 
People v. Winsett
, 153 Ill. 2d 335, 346 (1992). As a general matter, then, issues that were raised on appeal from the underlying judgment of conviction, or that could have been raised but were not, will not be considered in a post-conviction proceeding. 
People v. West
, 187 Ill. 2d 418, 425 (1999); 
People v. Coleman
, 168 Ill. 2d 509, 522 (1995). Guided by principles of fundamental fairness, however, a court will relax the customary doctrines of waiver and 
res judicata 
when appropriate. 
People v. Neal
, 142 Ill. 2d 140, 146 (1990).

The defendant raised numerous claims in the post-conviction proceedings below; defense counsel has culled through these matters and has selected five questions for our consideration here. The defendant first argues that the post-conviction judge erred in refusing to allow counsel to file an addendum to the amended post-conviction petition. The defendant’s second set of lawyers had submitted an amended petition, omitting some issues originally raised by the defendant in the 
pro se 
petition while adding several other issues. The addendum drafted by the defendant’s new lawyer sought to reintroduce issues that had been contained in the defendant’s original, 
pro se
 petition but had been left out of the amended petition.

It was well within the post-conviction court’s discretion to decide whether or not to grant leave to counsel to file the addendum to the amended post-conviction petition. See 
People v. Sanchez
, 169 Ill. 2d 472, 502-03 (1996) (denial of motion to file additional documentation in support of post-conviction petition; motion made several weeks after parties presented arguments on State’s motion to dismiss petition). We recognize that the defendant’s current lawyer came into the case at a relatively late stage in the proceedings below, and that she is the third lawyer or set of lawyers to represent the defendant in this matter. The post-conviction court was concerned, however, that allowing counsel to file the addendum would only add further delay to these already lengthy proceedings. Counsel filed the motion to submit the addendum two years after the amended petition was filed and one year after the motion to dismiss was filed. On this record, we cannot say that the post-conviction judge abused his discretion in declining to permit counsel to file the addendum to the amended post-conviction petition.

The defendant next raises an issue relating to his fitness at the post-conviction proceedings. The defendant argues that the post-conviction court erred in dismissing the amended post-conviction petition without having conducted a hearing on the defendant’s fitness or having found the defendant competent to assist counsel. In an order entered May 14, 1993, the circuit court granted the defendant’s motion for a stay of the proceedings pending a determination of the defendant’s mental status and a psychiatric examination of the defendant. The record does not contain any indication that the court later found the defendant fit in the matter, and the defendant now argues that he was denied both due process and the reasonable assistance of counsel in the post-conviction proceedings because there was no formal judicial determination of his fitness. The defendant further contends that, in the absence of a fitness examination and a judicial determination of fitness, the prejudicial effect of the court’s denial of leave to file the addendum to the amended post-conviction petition was manifest; the defendant asserts that he might not have been able to assist his second set of lawyers in the preparation of the amended petition.

The record, however, shows that the examination ordered by the court was conducted, and that the psychiatrist who examined the defendant found him to be fit. While this case was pending before this court, we allowed a motion by the State to supplement the record with a copy of the report made by a psychiatrist at Pontiac Correctional Center, where the defendant was incarcerated. In the report, dated August 21, 1993, the examining psychiatrist concluded that the defendant was fit and competent. Although there is nothing of record to show whether or in what manner the post-conviction court disposed of this question, we believe that the report provides persuasive evidence of the defendant’s fitness. Too, there was no showing before the post-conviction court, in denying counsel’s motion to file the addendum, that the defendant had been unable to assist counsel in the preparation of the amended petition. Together, these circumstances demonstrate to us that the omission of a fitness order from the record fails to suggest either that the defendant was denied due process or that he was impeded in the assistance he could provide to counsel.

We note, moreover, that the defendant’s current lawyer apparently did not perceive any problem with the defendant’s level of functioning during the period she represented him in the proceedings below; significantly, counsel raised no question on her own regarding the defendant’s competency, and, as she states in her brief, she was not aware of the prior request for a fitness hearing until she reviewed the record while preparing for this appeal. As we explain later in this opinion, the cause must be remanded to the circuit court for further proceeding on other issues; if counsel believes that there then exists a further question regarding the defendant’s fitness, counsel is free to raise the question at that time.

The defendant next argues that the cause must be remanded for an evidentiary hearing on his contention challenging the State’s use of peremptory challenges to exclude blacks during jury selection. The defendant’s trial took place in 1981. This court issued its opinion in the case in January 1986, and rehearing was denied in April 1986. The United States Supreme Court decided 
Batson v. Kentucky
, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), several weeks later, and before the defendant’s petition for 
certiorari 
came before that court for consideration. The present case was therefore pending on direct review when 
Batson 
was decided, and 
Batson 
would be applicable to this case. See 
Griffith v. Kentucky
, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987).

In support of this contention, the defendant relies on an affidavit that was prepared by one of his trial lawyers. In the affidavit, dated August 12, 1985, some four years after trial, counsel stated that the defendant’s jury consisted of 11 whites and one black, that the prosecution exercised seven peremptory challenges in the case, and that all seven challenges used by the State were to black jurors. The affidavit does not describe the ethnicity of the alternate jurors or the composition of the jury pool.

The substantive issue has been waived by counsel’s failure to raise an appropriate objection during jury selection, either under the reasoning later adopted in 
Batson
, or under the then-existing law expressed in 
Swain v. Alabama
, 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824 (1965). Both 
Batson 
and 
Swain 
required the defense to make timely objections to the prosecutor’s exclusion of jurors (see 
Batson
, 476 U.S. at 99, 90 L. Ed. 2d at 89-90, 106 S. Ct. at 1724-25; 
People v. Richardson
, 189 Ill. 2d 401, 409-10 (2000)), and no objection was raised in this case. Accordingly, trial counsel waived the issue by failing to make an objection and establish a record on which the issue could be resolved.

The defendant makes the further argument, however, that trial counsel and appellate counsel were ineffective for failing to preserve the issue for purposes of appeal. To establish ineffective assistance of counsel, the defendant must show both a deficiency in counsel’s performance and prejudice resulting from that deficiency. 
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). We must reject this contention as well. First, appellate counsel cannot be faulted for failing to argue on appeal an issue that trial counsel had already waived. 
Richardson
, 189 Ill. 2d at 412-13. Moreover, on this record, trial counsel also cannot be deemed ineffective for failing to preserve the issue. Under the law in effect at the time of counsel’s affidavit, it was the defendant’s burden to show the systematic exclusion of jurors in case after case. 
Swain
, 380 U.S. at 226, 13 L. Ed. 2d at 776, 85 S. Ct. at 839. Counsel’s affidavit pertains only to the present proceeding, and does not provide any basis on which one could conclude that the prosecution had acted in violation of 
Swain. 
Nor do we believe that trial counsel may be considered ineffective for failing to anticipate the ruling in 
Batson. 
Conduct of a lawyer will not be deemed deficient for his or her failure to make an argument that has no basis in the law. See 
People v. Hobley
, 159 Ill. 2d 272, 305 (1994).

The defendant notes, however, that counsel on direct appeal had taken an active role in challenging race-based jury selection processes in a number of cases, and the defendant maintains that counsel therefore should have been particularly sensitive to the preservation of this issue. We do not believe that appellate counsel’s special expertise in this area of the law affords the defendant any help here, for counsel’s familiarity with the issue actually argues against the defendant’s position. Counsel could have simply believed that the present case did not give rise to a valid question regarding the prosecution’s use of peremptory challenges during jury selection, especially in view of trial counsel’s failure to preserve the issue.

The defendant next presents an argument relating to allegations that the defendant was mistreated while undergoing questioning by police in this case. The defendant in this case was interrogated at Area 2 headquarters by Detective Robert Dwyer, while Sergeant Jon Burge was also present. On direct review, this court upheld that trial court’s determination that the defendant’s confession was given voluntarily and was not the product of physical coercion. 
People v. King
, 109 Ill. 2d 514, 523-26 (1986). In his brief before this court, the defendant argues that trial counsel was ineffective for failing to introduce at trial testimony by a witness who would have supported the defense theory that the defendant’s confession was coerced. The issue is broader than that, however, for what the defendant really seeks is a fresh examination of the circumstances in which he gave a confession statement to authorities. Attached as exhibits to the defendant’s amended post-conviction petition are a number of documents purporting to establish a history of police misconduct at Area 2 headquarters. These include a report from the Federal Bureau of Investigation regarding mistreatment by a defendant in another case, a report by the Chicago police department’s office of professional standards (OPS), the complaint in a federal action against Burge and others, and the decision by the Chicago police board dismissing Burge from his employment as a Chicago police officer.

This court has addressed a similar issue in 
People v. Patterson
, No. 82711 (August 10, 2000). In that case, defendant also raised a number of arguments regarding counsel’s failure to present evidence that the confession in that case was the product of coercion. The defendant in 
Patterson 
also argued that new evidence supported the defense theory of coercion. The new evidence presented by the defendant in that case consisted of the OPS report cited by the present defendant, appellate court decisions holding that Burge had tortured another suspect and was fired for that misconduct, the discovery of 60 additional incidents of torture occurring at Area 2, and a report by an expert concluding that the defendant in 
Patterson 
had been tortured. This court concluded that an evidentiary hearing was warranted on the defendant’s allegations. 
Patterson
, slip op. at 32-38. We believe that a similar hearing should be conducted in this case on the defendant’s allegations of police misconduct.

In light of the new evidence included in the amended post-conviction petition, most notably the report by the OPS, we believe that an evidentiary hearing should be conducted on this portion of the defendant’s post-conviction petition. After the parties filed their briefs, but before oral argument was held in this case, the defendant submitted a motion seeking a remand to the circuit court for purposes of conducting a new suppression hearing in this case. Given our decision to remand the cause for an evidentiary hearing, we deny the defendant’s motion.

In his final post-conviction challenge, the defendant argues that trial counsel was ineffective for failing to investigate and present certain mitigating evidence at the capital sentencing hearing conducted in this case.

At the second stage of the defendant’s sentencing hearing, the State presented evidence regarding the defendant’s prior offenses. In mitigation, defense counsel presented only two witnesses, and their testimony spans fewer than 16 pages of the transcript. The first defense witness was one of the defendant’s aunts, Geneva Jackson, who testified in general terms about the defendant’s childhood. Jackson was one of the defendant’s mother’s sisters, and she stated that the defendant, while a youth, lived with her and other relatives for varying periods of time. The witness explained that the defendant was not able to live at home because the defendant’s mother was not stable. The witness said further that the defendant’s mother used drugs and alcohol. The second defense witness was the defendant’s mother, whose testimony was even briefer than her sister’s. She stated that she loved her son, that the defendant’s biological father was dead, that she was divorced from her second husband, and that the defendant had lived with a number of her sisters for extended periods of time. In closing argument, counsel argued that three mitigating circumstances had been established in this case: that the defendant was young when he committed the offense, that he did not have a substantial criminal record, and that he came from a troubled background. Defense counsel also devoted a substantial part of his closing argument to an attack on the death penalty law, questioning its deterrent value and challenging its morality.

The amended post-conviction petition alleges that trial counsel was ineffective for failing to investigate and present substantial evidence in mitigation that would have supported the defense theory at the sentencing hearing. Accompanying the defendant’s amended post-conviction petition were a number of affidavits describing additional evidence in mitigation that defense counsel could have presented at sentencing. These witnesses included a mitigation specialist, Cynthia Hines, who submitted a report documenting the defendant’s troubled childhood. Other witnesses included a number of family members and other relatives, who further described the defendant’s troubled childhood, his close relationship with his grandmother, who died when the defendant was 13, and his history of drug and alcohol abuse. These witnesses stated in their affidavits that defense counsel did not contact them prior to sentencing or ask them whether they would testify in the defendant’s behalf at the hearing. The defendant’s former stepfather, Clifford Rhymes, stated in his affidavit that he asked defense counsel whether he could testify for the defendant at the hearing, and counsel replied that his testimony would not be necessary. We note that the defendant’s trial concluded on June 12, 1981; the sentencing hearing did not begin until July 28, 1981. Thus, defense counsel still had more than month after trial to complete their preparations for the sentencing hearing.

Our cases have previously recognized that evidence of a difficult childhood is not inherently mitigating. 
People v. Madej
, 177 Ill. 2d 116, 140 (1997); 
People v. Sanchez
, 169 Ill. 2d 472, 491-92 (1996). Similarly, there is nothing inherently mitigating about evidence regarding a defendant’s history of drug and alcohol abuse. 
Madej
, 177 Ill. 2d at 138-39; 
People v. Shatner
, 174 Ill. 2d 133, 160 (1996). Accordingly, counsel is not automatically ineffective for failing to present evidence of that nature. In this case, however, defense counsel presented evidence about the defendant’s background and argued to the sentencing judge that the defendant’s difficult and tumultuous upbringing was a mitigating circumstance. Counsel apparently neglected, however, to investigate and present evidence that would have added substance to that argument and would have provided greater detail about the defendant’s childhood and upbringing. The evidence presented by counsel showed only the broad outlines of this theory of mitigation, and counsel apparently presented only a small amount of the available evidence in support of this contention. Given the allegations raised in the defendant’s amended post-conviction petition and the information accompanying the petition, we believe that an evidentiary hearing is warranted on this issue. 
People v. Ruiz
, 132 Ill. 2d 1, 24-28 (1989); see 
People v. Morgan
, 187 Ill. 2d 500 (1999) (ordering new sentencing hearing, following evidentiary hearing on allegations); 
People v. Perez
, 148 Ill. 2d 168 (1992) (same).

For the reasons stated, the judgment of the circuit court of Cook County is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings.

Affirmed in part and reversed in part;

cause remanded.