In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2924

DOUGLAS OAKS,

*Petitioner-Appellant,*

*v.*

RANDY PFISTER,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 14-4026 — **James E. Shadid**, *Chief Judge.*

ARGUED APRIL 6, 2017 — DECIDED JULY 14, 2017

Before EASTERBROOK, MANION, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* In this habeas corpus case, state prisoner Douglas Oaks asks us to hold that he was deprived of his Sixth Amendment right to choose his counsel. Because he procedurally defaulted that claim during his state court proceedings, we affirm the district court's denial of habeas relief without reaching the merits of his claim.

I.  *Factual and Procedural Background*

Because we resolve this case on procedural grounds, we describe its procedural history in some detail. In 1992, petitioner Douglas Oaks was indicted in Illinois for the murder of his girlfriend's three-year-old son. Oaks had no income or assets, but his family provided $2,000 to retain an attorney. That attorney asked the state trial court for state funds for expert witnesses, including an investigator, a forensic pathologist, a mitigation expert, and a psychiatrist. The court denied the request, reasoning that if Oaks could retain a lawyer, he was not entitled to state-funded experts. The retained lawyer withdrew, asserting that the ruling made him unable to represent his client "in good conscience." The court appointed a public defender to represent Oaks. In his eventual federal habeas petition, the petition at issue in this appeal, Oaks argued that the court's ruling deprived him of his Sixth Amendment right to choice of counsel. See *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) ("[A]n element of [the right to counsel] is the right of a defendant who does not require appointed counsel to choose who will represent him.") (citations omitted).

Following a jury trial, Oaks was convicted of two counts of first degree murder and one count of aggravated battery of a child. He was sentenced to death. Oaks appealed his conviction and sentence directly to the Illinois Supreme Court, which vacated one of the convictions but otherwise affirmed, leaving the sentence in place. *People v. Oaks*, 662 N.E.2d 1328, 1356 (Ill. 1996). He sought and was denied rehearing in the Illinois Supreme Court, then sought and was denied a writ of certiorari from the United States Supreme Court. *Oaks v. Illinois*, 519 U.S. 873 (1996). Oaks did not raise the choice of counsel issue at any stage of his direct appeal.

Oaks first raised that issue in a pro se post-conviction petition filed in the state trial court. He simultaneously asserted that his appellate counsel had been ineffective in failing to raise the issue on direct appeal. The court appointed post-conviction counsel, who filed an amended petition that did not raise either the choice of counsel claim or the appellate counsel claim. The trial court then dismissed the petition as moot and lacking merit. Illinois' appellate court partially reversed, remanding three issues for further proceedings. (While the post-conviction proceedings were pending, Oaks' death sentence was commuted to life in prison. See *People v. Oaks*, 978 N.E.2d 1151, 1154 (Ill. App. 2012).)

During those proceedings, Oaks' counsel retired and other attorneys were assigned. They sought leave to file a supplemental post-conviction petition that again raised the choice of counsel and ineffective assistance of appellate counsel claims. The court denied leave, explaining that the issue had been raised too late and (incorrectly) asserting that it had already been litigated. The court also denied Oaks' other claims on their merits.

Oaks appealed, arguing among other points that he should have been allowed to pursue his choice of counsel and ineffective assistance of appellate counsel claims. The Illinois appellate court affirmed, finding no abuse of discretion in the trial court's decision. *Oaks*, 978 N.E.2d at 1158. The Illinois Supreme Court denied leave to appeal, *People v. Oaks*, 982 N.E.2d 773 (Ill. 2013), and Oaks then filed a federal habeas petition.

The federal habeas petition raised the choice of counsel issue and the accompanying ineffective assistance of appellate counsel issue. The district court denied the petition, holding

that those claims had been procedurally defaulted and that they lacked merit. Oaks has appealed.

II. *Analysis*

Procedural default is a defense to federal habeas corpus review. *Davila v. Davis*, 582 U.S. —,—, 137 S. Ct. 2058, 2064 (2017). A petitioner's claim can be procedurally defaulted if he fails to assert that claim throughout at least one complete round of state-court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Or it can be procedurally defaulted if the state court rejects it on adequate and independent state law grounds, including procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). So if "a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules," the federal court also will not entertain the claim. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (citations omitted).

A petitioner can overcome a procedural default if he can establish cause for and prejudice from the default. See *Davila*, 582 U.S. at —, 137 S. Ct. at 2064–65; *Coleman*, 501 U.S. at 750. Constitutionally ineffective assistance of counsel can excuse a procedural default. *Davila*, 582 U.S. at —, 137 S. Ct. at 2065. But because "a prisoner does not have a constitutional right to counsel in state post-conviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default." *Id*. at —, 137 S. Ct. at 2062.

That general rule is subject, however, to "a narrow exception." *Id.* A federal court may hear a procedurally defaulted claim for ineffective assistance of trial counsel if two criteria are met: (1) the state's appeal and post-conviction procedures make it "highly unlikely in a typical case that a defendant will

have a meaningful opportunity to raise" the claim on direct appeal; and (2) post-conviction counsel was absent or ineffective. *Trevino v. Thaler*, 569 U.S. —,—, 133 S. Ct. 1911, 1921 (2013), quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). That exception does not extend to claims of ineffective assistance of appellate counsel. *Davila*, 582 U.S. at —, 137 S. Ct. at 2063.

Oaks presented his choice of counsel claim through a complete round of state court review: he raised it in his supplemental post-conviction petition, then in his appellate brief, and finally in his petition for leave to appeal to the Illinois Supreme Court. But he did so belatedly. His pro se petition was inadequate to raise the claims: Illinois treats claims that have been raised in a pro se petition but not in a petition amended by counsel as "not before the court." *People v. Phelps*, 280 N.E.2d 203, 204 (Ill. 1972). And Illinois trial courts exercise discretion over amendments or supplements to post-conviction petitions. 725 Ill. Comp. Stat. 5/122-5; *People v. King*, 735 N.E.2d 569, 573 (Ill. 2000) ("It was well within the post-conviction court's discretion to decide whether or not to grant leave … to file the addendum to the amended post-conviction petition."), citing *People v. Sanchez*, 662 N.E.2d 1199, 1214 (Ill. 1996). The trial court denied leave to supplement the petition, and the state appellate court found that that was an appropriate exercise of its discretion.

Oaks implies that that decision was wrong, emphasizing two points: (1) that the trial court relied in part on its erroneous belief that the issue had already been addressed; and (2) that the statute discussing amendments to petitions gives courts discretion to make orders "as shall be appropriate, just and reasonable and as [are] generally provided in civil cases." 725 Ill. Comp. Stat. 5/122-5. These arguments about the state

courts' applications of state procedural rules do not avoid the procedural default. We are not the Illinois Supreme Court and do "not have license to question … whether the state court properly applied its own law." *Woodfolk v. Maynard*, 857 F.3d 531, 543 (4th Cir. 2017), quoting *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010). We could assess whether the state rule is a "firmly established and regularly followed state practice," but Oaks does not challenge the rule on those grounds. *Promotor v. Pollard*, 628 F.3d 878, 885–86 (7th Cir. 2010), quoting *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010).

Because Illinois courts rejected Oaks' choice of counsel claim on adequate and independent state law grounds, he procedurally defaulted that claim. He cannot use a claim of ineffective assistance of post-conviction counsel to establish cause and prejudice for the default because he has no constitutional right to post-conviction counsel. *Davila*, 582 U.S. at —, 137 S. Ct. at 2062. Oaks argues that we should extend the logic of *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. —, 133 S. Ct. 1911 (2013), and nonetheless consider his claim for ineffective assistance of appellate counsel. But since this case was briefed and argued, the Supreme Court has rejected just that extension, cabining *Martinez* and *Trevino* to claims of ineffective assistance of trial counsel. *Davila*, 582 U.S. at —, 137 S. Ct. at 2066–67. Accordingly, the judgment of the district court denying habeas corpus relief to Oaks is

AFFIRMED.