2024 IL App (1st) 221482-U

Fourth Division
Filed February 1, 2024

No. 1-22-1482

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(a).

# IN THE
# APPELLATE COURT OF ILLINOIS
# FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | Appeal from the |
|     Respondent-Appellee, | Circuit Court of Cook County |
| | |
|   v. | No. 16 CR 02468 |
| | |
| JAMES BEASLEY, | The Honorable Marc W. Martin, |
|     Petitioner-Appellant. | Judge, presiding. |

JUSTICE OCASIO III delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

## ORDER

¶ 1    *Held:* We affirm the judgment of the circuit court denying Beasley's postconviction petition after a third-stage evidentiary hearing because Beasley did not show that he was prejudiced by appellate counsel's failure to cite a nonretroactive statutory amendment to the sentencing range that came into effect while his appeal was pending.

¶ 2                        BACKGROUND

¶ 3    James Beasley was arrested and charged by indictment with theft following a January 2016 incident. Beasley allegedly removed two skids of copper from a manufacturing facility. Beasley was charged with one count of theft of property exceeding $10,000 but less than $100,000, a Class 2 felony. See 720 ILCS 5/16-1(a)(1)(A) (West 2016). Following a jury trial, Beasley was found guilty.

¶ 4    Beasley then filed a motion for a new trial which the circuit court denied. The matter then proceeded to sentencing.

¶ 5    The State argued that Beasley's extensive criminal history, which included seven armed robberies and two attempted armed robberies for which he was sentenced to in 2004. Beasley received concurrent sentences of 20 years for the robberies and 10 years for the attempted robberies. Beasley also had a prior conviction for forgery and two prior convictions for burglary. Based on Beasley's criminal background he was sentenced to a Class X "habitual criminal" sentence. On December 13, 2016, Beasley was sentenced to 25 years in prison.

¶ 6    Beasley filed a motion to reconsider sentence, which the trial court denied.

¶ 7    On appeal, Beasley was represented by private counsel. On July 18, 2017, appellate counsel filed a brief challenging the sufficiency of the evidence, raising multiple claims of ineffective assistance of counsel, and arguing that the trial court abused its discretion when it sentenced him to 25 years in prison because the court improperly considered the value of the items taken as an aggravating factor and where the offense was non-violent in nature.

¶ 8    The State filed its brief on February 21, 2018, and Beasley then filed a reply brief on March 27, 2018. At about the same time, Illinois law changed removing Class 1 and Class 2 theft convictions as predicates for Class X "habitual criminal" sentencing. See Pub. Act 100-3, § 35 (eff. Jan. 1, 2018) (amending 730 ILCS 5/5-4.5-95) It is worth noting that neither brief mentioned the amendment.

¶ 9    On July 20, 2018, the appellate court affirmed the conviction and sentence. *People v. Beasley*, 2018 IL App (1st) 163373-U. The appellate court also highlighted that due to Beasley's criminal history he was subject to a Class X sentence of between 6 and 30 years in prison. The appellate court held that a prison term of 25 years was not an abuse of discretion.

¶ 10   On December 12, 2018, Beasley moved for post-judgment/postconviction relief. Represented by private counsel, Beasley filed a "Substituted Motion to Vacate Void Judgment (Count One); and Petition for Post-Conviction Relief (Count Two)." This filing challenged Beasley's Class X sentence on the basis that the statute was void; alleged that because a change of

law occurred while his direct appeal was pending, the change of law applies to him, and the 25-year sentence exceeded the amended statutory minimum; and raised the issue of ineffective assistance of counsel for failing to present arguments about the amended sentencing on direct appeal.

¶ 11    Beasley asserted that when he was sentenced on October 27, 2016, the court imposed a 25-year prison sentence due to his prior felony convictions. Beasley's prior felony convictions rendered him subject to mandatory imprisonment of 6 to 30 years under the Class X statute. After Beasley was sentenced, a provision in the Safe Neighborhoods Reform Act amended the statute and removed Class 1 and Class 2 theft convictions as grounds for Class X sentencing. See Pub. Act 100-3 (eff. Jan. 1, 2018) (amending 730 ILCS 5/5-4.5-95). The amendment went into effect on January 1, 2018, while Beasley's direct appeal was still pending. Beasley argued that because his appeal was pending his sentence should have been declared void or at least voidable.

¶ 12    On January 15, 2021, the State filed a motion to dismiss and argued that the sentence was not void and the amended statute did not apply to Beasley because it was not retroactive. The State also argued that Beasley failed to show that counsel's assistance was ineffective or that he suffered from any prejudice.

¶ 13    On April 30, 2021, the circuit court granted the State's motion to dismiss as to count one and denied as to count two. The ineffective assistance of appellate counsel claim advanced to third- stage proceedings. With respect to Count One, the circuit court found that, pursuant to *People v. Castleberry*, 2015 IL 116916, it had subject matter and personal jurisdiction when it conducted the sentencing hearing. It also held that the judgment of the sentence was not "void" and the original trial court had imposed a sentence within the then-applicable statutory range. As to Count Two, the circuit court held that as a matter of law, the amendment to the Class X sentencing statute was not retroactive to cases pending on direct appeal. However, the circuit court ruled that the analysis of whether appellate counsel was ineffective for failing to bring the amended statute to the appellate court's attention did not end simply because the amendment was not retroactive. The

circuit court declared it "cannot definitely answer" whether there was prejudice under *Strickland* and therefore advanced the proceedings to a third-stage hearing.

¶ 14    Appellate counsel was called as a witness at the third-stage evidentiary hearing. He testified that he acknowledged that Beasley was subject to Class X sentencing due to his Class 2 felony conviction. He was aware that the statute Beasley was subject to was amended during the pendency of the case. He was aware that under the new amendment Class 1 and Class 2 theft convictions would no longer qualify for Class X sentencing. He testified that he did not cite the new amendment because it was "prospective and not retrospective." He stated that it would not be appropriate to cite the new amendment since it did not apply to Beasley. He testified that although it would not be harmful to cite the statute, he took "an oath as a lawyer to not file a frivolous petition."

¶ 15    In its ruling, the circuit court noted that it could not totally discount the proposition that a citation to the non-binding statutory amendment could have potentially been supportive for sentencing-related arguments on appeal and disagreed with appellate counsel that citing the law change would have been unethical. The court concluded that the sentencing court did not abuse its discretion by failing to apply a nonexistent statute and that an amendment that is nonretroactive itself is not grounds for remand. The circuit court also held that Beasley failed to show that appellate counsel's representation was deficient and that it did not need to reach the prejudice prong. It denied Beasley's petition.

¶ 16                                ANALYSIS

¶ 17    We begin our analysis with a discussion of the standard of review to be employed in this case. Beasley argues that the circuit court erred on denying his claim that appellate counsel provided ineffective assistance of counsel.

¶ 18    "The Illinois Post-Conviction Hearing Act provides a mechanism by which criminal defendants can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both." *People v. Haynes*, 192 Ill. 2d 437, 464-65 (2000). A postconviction petition is a collateral attack on a prior conviction, *People*

*v. Simms*, 192 Ill. 2d 348, 359 (2000), and is limited to constitutional issues which were not and could not have been raised on direct appeal. *People v. King*, 192 Ill. 2d 189, 192-93 (2000). The Act creates a three-stage procedure for postconviction relief. *People v. Makiel*, 358 Ill. App. 3d 102, 104 (1st Dist. 2005). Where a petitioner raises non-meritorious claims, the court may summarily dismiss them. *People v. Richardson,* 189 Ill. 2d 401, 408 (2000). If the court does not dismiss the petition at the first stage, it advances to the second stage where an indigent person can obtain appointed counsel and the State can move to dismiss the petition. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2022). If the petitioner makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2022). At the third stage the petitioner has the burden of proving a substantial constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Based on the facts presented during the evidentiary hearing, the court must determine whether to grant or deny a postconviction petition. *People v. King*, 316 Ill. App. 3d 901, 913 (1st Dist. 2000).

¶ 19 Determinations made by the circuit court following the evidentiary hearing in a postconviction proceeding must not be disturbed unless manifestly erroneous. *Id.* The term "manifest error" has been defined to mean error which is clearly "evident, plain, and indisputable." *People v. Ruiz*, 177 Ill. 2d 368, 384–85 (1997). Here, Beasley filed a postconviction petition alleging ineffective assistance of appellate counsel for failing to cite an amended statute that could have supported his claim that the Class X sentence of 25 years was an abuse of discretion. Beasley's petition was denied by the circuit court although it pointed out that, if the amended statute was brought to the attention of the appellate court, it could have aided argument for sentencing.

¶ 20 In examining a claim of ineffective assistance of counsel, this court follows the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that but for this deficiency, there is a reasonable probability that counsel's performance was prejudicial to the defense. *People v. Hickey*, 204 Ill. 2d 585, 613 (2001).

"Prejudice exists when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Erickson*, 183 Ill. 2d 213, 224 (1998). A petitioner's failure to make the requisite showing of either deficient performance or sufficient prejudice defeats a claim of ineffectiveness. *People v. Morgan*, 187 Ill. 2d 500, 529-30 (1999).

¶ 21    Effective assistance in a constitutional sense means competent, not perfect, representation. *People v. Easley*, 192 Ill. 2d 307, 344 (2000). A court must indulge a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690. The strategic decisions made by counsel are virtually unchallengeable. *People v. Palmer*, 162 Ill. 2d 465 (1994). The fact that another attorney would have taken a different legal approach is not a factor in the competency determination. *Id*.

¶ 22    To succeed on a claim of ineffective assistance of appellate counsel, petitioner must show that the failure to raise a particular issue was objectively unreasonable and that his appeal was prejudiced by the omission. *People v. Williams*, 209 Ill. 2d 227, 243 (2004). "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *Easley*, 192 Ill.2d at 329. Additionally, the defendant is not prejudiced by appellate counsel's decision not to raise an issue unless that underlying issue is meritorious. *Id*.

¶ 23    On direct appeal from Beasley's conviction, appellate counsel raised three issues in the opening brief, once of which challenged his 25-year sentence as excessive and an abuse of discretion. While the appeal was pending, Public Act 100-3 (eff. Jan. 1, 2018) came into effect, including an amendment to the "habitual criminal" statute such that defendants convicted of Class 1 and Class 2 felony theft were no longer subject to Class X sentencing. Beasley concedes that, because his sentence was imposed before the amendment became effective, controlling precedent foreclosed any argument that the amendment applied to him retroactively. See *People v. Hunter*, 2017 IL 121306, ¶¶ 54-56. He argues, however, that the amendment could still have been

cited in support of the argument raised by counsel on direct appeal that his sentence was excessive in relation to the seriousness of the offense on the theory that the amendment represented an expression of public policy by the legislature that a Class X sentence was not an appropriate punishment for the offense. He notes that "[a] claim that punishment is constitutionally excessive is judged not by the standards of the past but rather by those that currently prevail." *People v. Buffer*, 2019 IL 122327 ¶ 15. He also notes that legislative enactments are the best evidence of prevailing contemporary standards. *Id.* ¶ 34 (citing *Atkins v. Virginia*, 536 U.S. 304, 312 (2002)).

¶ 24 The circuit court denied relief because it found that appellate counsel was not deficient. It is a basic principle of appellate review, though, that " 'the question before the reviewing court is the correctness of the result reached by the lower court and not the correctness of the reasoning upon which that result was reached.' " (Alteration marks omitted.) *People v. Johnson*, 208 Ill. 2d 118, 128 (2003) (quoting *People v. Novak*, 163 Ill. 2d 93, 101 (1994)). Thus, we can affirm the judgment below for any appropriate reason disclosed by the record, even if the circuit court did not rely on those grounds. *Id.* at 129. Here, although the circuit court did not reach the prejudice prong of the *Strickland* analysis, we find that its judgment denying postconviction relief can be sustained on that basis. See *People v. Givens*, 237 Ill. 2d 311, 331 (2010) ("If it is easier to dispose of an ineffective assistance claim on the ground that it lacks sufficient prejudice, then a court may proceed directly to the second prong and need not determine whether counsel's performance was deficient.").

¶ 25 To show that he was denied his right to the effective assistance of counsel, Beasley was required to prove that he was prejudiced by the failure to cite the amended statute. See *Brown*, 2014 IL App (4th) 120887, ¶ 22. In other words, he had to show that the result of the appeal would have been different had counsel cited the statutory amendment. *Cf. People v. Simms*, 182 Ill. 2d 348, 362 (2000) (explaining that whether counsel's failure to raise an issue was prejudicial requires the court to "examine the merits of the underlying issue"). In Beasley's direct appeal, we concluded

that his 25-year sentence was not excessive based on the significant aggravating circumstances disclosed by the record:

> "A reviewing court will not alter a defendant's sentence absent an abuse of discretion by the trial court. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). This broad discretion means that we cannot substitute our judgment simply because we may weigh the sentencing factors differently. *Id.* at 212-13. A trial court abuses its discretion in determining a sentence where the sentence is greatly at variance with the spirit and purpose of the law or if it is manifestly disproportionate to the nature of the offense. *Id.* at 212.
>
> When balancing the retributive and rehabilitative aspects of a sentence, a court must consider all factors in aggravation and mitigation including, inter alia, a defendant's age, criminal history, character, education, and environment, as well as the nature and circumstances of the crime and the defendant's actions in the commission of that crime. *People v. Raymond*, 404 Ill. App. 3d 1028, 1069 (2010). *** Because the most important sentencing factor is the seriousness of the offense, the court is not required to give greater weight to mitigating factors than to the severity of the offense, nor does the presence of mitigating factors either require a minimum sentence or preclude a maximum sentence. *Id.*
>
> Due to his criminal background, the defendant was subject to a Class X sentence of between 6 and 30 years in prison. See 730 ILCS 5/5-4.5-25(a) (West 2014).
>
> At sentencing, the trial court noted, in pertinent part, that defendant's criminal history dated back to 1993, that defendant had completed his parole shortly before the offense, that the offense required a forklift, and that the value of the items taken was approximately $37,000. Based on our review of the record, this court cannot say that a prison term of 25 years was an abuse of discretion. See *Alexander*, 239 Ill. 2d at 212." *Beasley*, 2018 IL App (1st) 163373-U ¶¶ 38-41.

Had appellate counsel brought to our attention that Beasley's 25-year sentence exceeded the maximum sentence that he would have been eligible for after the amendment came into effect, we would have factored that point into our analysis. But it would not have changed his plainly aggravating criminal history, which showed that two decades of efforts to rehabilitate him had not

worked. Nor would it have changed the fact that, far from "pilfer[ing] $44 in quarters from a vending machine" (see *People v. Busse*, 2016 IL App (1st) 142941, ¶ 1), he used a forklift to steal more than $37,000 worth of metal from his former employer. There is no doubt that his sentence is a severe one, and other judges may well have found a lesser penalty appropriate. Still, at the time that Beasley was sentenced, the trial court had discretion to sentence him to a term of up to 30 years in prison. Even in view of the reduced sentencing range under the amended statute, we are unable to say that his 25-year sentence was an abuse of that discretion. Hence, Beasley was not prejudiced by counsel's failure to cite the statutory amendment on direct appeal, which means that he was not denied the effective assistance of counsel.

¶ 26                                    CONCLUSION

¶ 27    For the reasons stated, we affirm the circuit court's denial of postconviction relief.

¶ 28    Affirmed.